UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re CASA COLONIAL LIMITED
PARTNERSHIP,

    Debtor,
_____/

VISURON LIMITED PARTNERSHIP and CASA
MIPROEAST LIMITED PARTNERSHIP,

    Plaintiffs/Counter-Defendants/Appellants,

v.

COLLENE K. CORCORAN, TRUSTEE,

    Defendant/Counter-Plaintiff/Appellee,

and

DAVID R. SHOOK and COLLENE K.
CORCORAN, Individually,

    Defendants/Appellees,
_____/

COLLENE K. CORCORAN, TRUSTEE,

    Third-Party Plaintiff/Third-Party Counter-
    Defendant,

v.

TERESA MITAN,

    Third-Party Defendant,

and

KEITH MITAN,

    Third-Party Defendant/Third-Party Counter-
    Plaintiff/Appellant

v.

DAVID SHOOK and COLLENE K. CORCORAN,
Individually,

    Third-Party Counter-Defendants.
_____/

Case No. 07-11052
Honorable Patrick J. Duggan

Ch.7 Case No. 03-31410-Peerman
Adversary Case No. 03-3104
                    03-3121

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 6, 2007.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This case comes to this Court as an appeal of decisions by the United States Bankruptcy Court for the Eastern District of Michigan. Appellants Visuron Limited Partnership ("Visuron"), Casa Miproeast Limited Partnership ("Casa Miproeast"), and Keith Mitan (collectively "Appellants") appeal the following orders: (1) an order dismissing the Third-Party Counter-Complaint and Count IV of the Third Amended Complaint against Collene Corcoran ("Corcoran"), individually and as bankruptcy trustee, and David Shook ("Shook"), entered by United States Bankruptcy Judge Walter Shapero on August 16, 2005; (2) Judge Shapero's October 21, 2005 order denying a motion for reconsideration of his August 16 order; (3) a final order granting summary judgment, entered by United States Bankruptcy Judge Daniel S. Opperman on January 10, 2007; and, (4) Judge Opperman's February 27, 2007 order denying a motion for reconsideration of his January 10 decision.

Presently before the Court are Corcoran's and Shook's motions to dismiss the appeal of Judge Shapero's orders and Appellants' motion for peremptory reversal of Judge Opperman's orders or, in the alternative, for an order granting a stay pending appeal. On July 13, 2007, this Court issued a notice informing the parties that it is

2

dispensing with oral argument with respect to these motions pursuant to Eastern District of Michigan Local Rule 7.1(e)(2). For the reasons set forth below, this Court grants Corcoran's and Shook's motions to dismiss the appeal of Judge Shapero's orders and denies Appellants' motion for peremptory reversal or, in the alternative, for an order granting a stay pending appeal.

I.      **Standard of Review**

The bankruptcy court's findings of fact are reviewed under the clearly erroneous standard. *In re Eastown Auto Co.*, 215 B.R. 960, 963 (B.A.P. 6th Cir. 1998) (citing FED. R. BANKR. P. 8013). The bankruptcy court's conclusions of law are reviewed de novo. *In re Eastown Auto Co.*, 215 B.R. at 964 (citing *Nicholson v. Isaacman*, 23 F.3d 629 (6th Cir. 1994)). This means that the reviewing court must decide legal issues as if the issues had not been decided before. *Id.* (citing *In re Downs*, 103 F.3d 472). No deference is granted to the bankruptcy court's legal conclusions. *Id.* (citing *Razavi v. Comm'r*, 74 F.3d 125 (6th Cir. 1996)).

In the pending motions, the parties do not challenge the bankruptcy court's factual findings. Therefore, those findings are presumed to be correct and are incorporated in the following factual background section. Appellants, however, do challenge the bankruptcy court's legal conclusions.

II.     **Factual and Procedural Background**

On December 1, 1994, Miprocom LLP purchased, via land contract, the Colonial Shopping Center ("Shopping Center") in Port Huron, Michigan, from the Charles Barrett

3

Trust and Pine Grove Corporation ("land contract vendors"). The land contract was recorded in the St. Clair County Register of Deeds on December 16, 1994. (Appellants' Designation, Vol. 2.) Miprocom thereafter assigned its interest in the Shopping Center to Casa Miproeast, which then assigned its interest to Debtor Casa Colonial Limited Partnership ("Casa Colonial"). As the land contract requires (Appellants' Mot., Ex. A), the land contract vendors received notice of these assignments. (Appellants' Designation, Aff. Mark H. Davidson ¶ 3.)

On March 13, 2001, Casa Colonial assigned its interest in the Shopping Center to Visuron. (Appellants' Mot., Ex. B.) Teresa Mitan serves as President of Casa Colonial and Visuron and is a partner in Miproeast. The assignment from Casa Colonial to Visuron was not recorded and the land contract vendors were not provided notice of the assignment. (Appellants' Designation, Aff. Mark H. Davidson ¶ 9.)

In the meantime, on January 24, 2001, the land contract vendors sent a land contract forfeiture notice to Miprocom. (Corcoran's Resp. to Appellants' Mot., Ex. A.) According to the Forfeiture Notice, principal and interest were outstanding on the land contract, taxes had not been paid, and Miprocom had failed to sign an addendum to the land contract in accordance with a stipulation in an unrelated state court case. (*Id*.) On February 21, 2001, the land contract vendors filed a summary proceeding against Miprocom, Casa Miproeast, and Casa Colonial in state court to recover possession of the Shopping Center as a result of the defendants' failure to perform under the land contract. *See Visuron Ltd. P'ship v. Barrett et al.*, No. 05-71295, Op. and Order Granting Defs.'

4

Mot. to Dismiss and Denying Pl.'s Mot. for Partial Summ. J. at 2 (E.D. Mich. June 19, 2006) (J. Battani) ([Appellants' Designation Vol. 2, Doc. 2, Ex. A]. That same day, a summons was issued to the defendants to appear in court for the eviction proceeding on March 19, 2001. *Id*. On March 6, 2001, a notice of *lis pendens* was recorded in the St. Clair County Register of Deeds. *See Visuron*, No. 05-71295, Order Denying Defs.' Mot. for Recons. and Leave to Amend at 7 (E.D. Mich. Sept. 29, 2006) (J. Battani) [Appellants' Designation Vol. 2, Doc. 3, Ex. A].

On July 18, 2001, finding that the defendants had materially breached the land contract, the state court entered a Judgment of Possession After Land Contract Forfeiture. (Corcoran's Resp. to Appellants' Mot., Ex. B.) Pursuant to the judgment, the defendants had 90 days, or until October 16, 2001, to cure the breach. (*Id*.) The judgment provides that, if the defendants failed to cure the breach by the time allotted, an order of eviction may be issued. (*Id*.) The defendants thereafter appealed, to no avail, to the St. Clair County Circuit Court, Michigan Court of Appeals, and Michigan Supreme Court.

On February 14, 2003, immediately after the Michigan Supreme Court denied the defendants' leave to appeal, Casa Colonial, by its attorney Keith Mitan, filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Eastern District of Michigan. Keith Mitan represented the defendants in the state court forfeiture proceedings and is the son of Teresa Mitan. The bankruptcy proceeding was dismissed on March 27, 2003, due to Casa Colonial's failure to file schedules or statements of financial affairs. Casa Colonial, by Keith Mitan, filed a second Chapter 11 proceeding on April 4, 2003, which

the bankruptcy court thereafter converted to a Chapter 7 proceeding. Corcoran was appointed as trustee and she retained Shook to represent her.

On June 17, 2003, Visuron and Casa Miproeast, also represented by Keith Mitan, filed an adversarial proceeding (A.P. 03-3104) against Corcoran, individually and in her capacity as trustee. In their Complaint, Visuron and Casa Miproeast sought a declaratory judgment that Casa Colonial transferred its land contract rights to Visuron in 2001 and that, therefore, the land contract is not property of the bankruptcy estate. Visuron and Casa Colonial subsequently filed a Third Amended Complaint adding Shook as a defendant and three counts: "fraudulent conveyance" (Count II)[1], "turnover of funds" (Count III)[2], and tortious interference with contractual relations (Count IV). (Shook's Mot., Ex. F.) In Count IV, Visuron and Casa Colonial alleged that Corcoran and Shook interfered with Visuron's contractual relationships with the Shopping Center's tenants. (*Id.*)

Corcoran thereafter filed a Third-Party Complaint against Teresa Mitan and Keith Mitan, alleging that they violated Michigan's Business Corporate Act and breached their fiduciary duties. Keith Mitan responded with a Third-Party Counter-Complaint against Shook and Corcoran, the latter individually and in her capacity as trustee, alleging

---

[1]In this count, Visuron and Casa Miproeast sought a ruling that, if the assignment from Casa Colonial to Visuron is set aside as a fraudulent conveyance, the assignment from Miproeast to Casa Colonial also constitutes a fraudulent conveyance.

[2]In this count, Visuron and Casa Miproeast sought funds from tenants of the Shopping Center which Corcoran, as bankruptcy trustee, had obtained.

defamation.  (Shook's Mot., Ex. G.)  Corcoran and Shook subsequently filed motions to dismiss or for summary judgment with respect to Visuron's and Casa Miproeast's tortious interference claim and Keith Mitan's defamation claim.

On August 16, 2005, Judge Shapero granted Corcoran's and Shook's motions and dismissed Count IV of Visuron's and Casa Miproeast's Third Amended Complaint and Keith Mitan's Third-Party Counter-Complaint.  Visuron, Casa Miproeast, and Keith Mitan thereafter filed a motion for reconsideration, which Judge Shapero denied on October 21, 2005.  On March 1, 2006, Judge Shapero closed the adversary proceeding initiated by Visuron and Casa Miproeast (A.P. 03-3104).

Meanwhile, on July 29, 2004, Corcoran, in her capacity as trustee, filed an adversary proceeding (A.P. 04-3121) against Visuron and Casa Miproeast.  In this proceeding, Corcoran sought a ruling that the conveyance from Casa Colonial to Visuron was a voidable insider preference, a fraudulent conveyance, or avoidable under 11 U.S.C. § 544, and that the bankruptcy estate therefore is entitled to recover Casa Colonial's interest in the land contract and its proceeds (i.e. rent collected from the Shopping Center's tenants).  On November 30, 2004, Judge Shapero consolidated this adversary proceeding with the earlier adversary proceeding filed by Visuron and Casa Miproeast.

On October 19, 2006, Corcoran filed a motion for summary judgment.  In her motion, Corcoran argued that summary judgment should be entered against Visuron and Casa Miproeast on their unresolved adversarial claims and in favor of Corcoran with respect to her adversarial claim, and that all rents collected and that may be due under

7

landlord tenant actions from the Shopping Center tenants are the property of the bankruptcy estate. Visuron and Casa Miproeast filed a cross-motion for summary judgment on December 26, 2006. Bankruptcy Court Judge Opperman held a hearing on the parties' motions on January 10, 2007.

At the January 10 hearing, Judge Opperman found no evidence that Casa Colonial's March 13, 2001 assignment to Visuron was recorded. (Appellants' Designation, 1/10/07 Transcript at 11-12.) Judge Opperman further concluded that, under Michigan law, until the state's statutory redemption period expires, a land contract vendee (i.e. Casa Colonial) enjoys all the rights and remedies available to it under Michigan law and under the land contract, including the right to collect rents and use the property as the vendee sees fit.[3] (*Id*. at 14.) Judge Opperman therefore held that, pursuant to 11 U.S.C. § 544, all rents collected and which may due under landlord tenant actions remained the property of the bankruptcy estate. On the same date, Judge Opperman issued a written order entering summary judgment against Visuron and Casa Miproeast on their adversary proceeding and in favor of Corcoran on her action under Section 544. (Appellants' Mot., Ex. E.) Visuron and Casa Miproeast subsequently filed a motion for reconsideration, which Judge Opperman denied on February 27, 2007. (*Id*., Ex. F.) This appeal followed.

---

[3]As discussed *infra*, the Court believes that Judge Opperman overstated the rights enjoyed by a vendee who fails to cure material breaches of the contract during the period from the sixteenth day after the date of service of the Forfeiture Notice until the redemption period expires. Nevertheless, as also indicated *infra*, the Court concludes that Judge Opperman reached the correct result with regard to whether the rental proceeds collected during that period became property of the bankruptcy estate.

8

### III. Corcoran's and Shook's Motions to Dismiss

As set forth previously, on August 16, 2005, Judge Shapero entered an order dismissing Visuron's and Casa Miproeast's tortious interference claim and Keith Mitan's defamation claim against Corcoran and Shook. On March 1, 2006, Judge Shapero denied a motion for reconsideration of his decision. On the same date, Judge Shapero closed Adversary Proceeding 03-3104. In their pending motions to dismiss, Corcoran and Shook argue that Appellants' appeal of Judge Shapero's orders is untimely under Bankruptcy Rule 8002(a) and, therefore, this Court lacks jurisdiction to review those orders.

As relevant to the pending matter, district courts have jurisdiction to hear appeals only from "*final* judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a) (emphasis added). Rule 8002(a) establishes a ten-day period for filing a notice of appeal of a bankruptcy court's final judgment, order, or decree. FED. R. BANK. P. 8002(a). The timely filing of a notice of appeal is a jurisdictional prerequisite to the district court considering the appeal. *In re Dow Corning Corp.*, 255 B.R. 445, 465 (E.D. Mich. 2000) (citing *In re LBL Sports Ctr., Inc.*, 684 F.2d 410, 412 (6th Cir. 1982)). The time requirement generally may be extended only if the appealing party files a motion seeking an extension of time before the time for filing a notice of appeal has expired. FED. R. BANK. P. 8002(c)(2).

The Sixth Circuit views the finality requirement of Section 158(a) in a "functional" and "pragmatic" way. *In re Dow Corning Corp.*, 86 F.3d 482, 488 (6th Cir. 1996) (citing *In re Cottrell*, 876 F.2d 540, 541 (6th Cir. 1989)). An order is considered "final" in the

bankruptcy context where it "... 'finally disposes of discrete disputes within the larger case,' . . ." *Id.* (citing *In re Sacco Local Dev. Corp.*, 711 F.3d 441, 444 (1st Cir. 1983)). The Sixth Circuit "has held that an order that conclusively determines a separable dispute over a creditor's claim is a final order for purposes of appeal if it is a 'final determination of the rights of the parties to secure the relief they seek in the suit.'" *In re Production Steel, Inc.*, 55 F.3d 1232, 1235 (6th Cir. 1995) (quoting *In re Vause*, 886 F.2d 794, 797 (6th Cir. 1989)).

Visuron's and Casa Miproeast's tortious interference claim and Keith Mitan's defamation claim against Corcoran and Shook constitute discrete disputes which relate to Corcoran's and Shook's conduct with respect to Shopping Center tenants *after* the bankruptcy action was filed. These claims are separable from the bankruptcy proceeding and the remaining adversary claims which relate to whether, *before* filing for bankruptcy, Casa Colonial effectively transferred its interest in the Shopping Center to Visuron. Moreover, unlike the remaining adversarial claims where only declaratory relief is sought, Appellants sought monetary damages in their defamation and tortious interference claims. Judge Shapero made a final determination with respect to the latter claims, thereby denying Appellants any right to monetary relief, and then closed Adversary Proceeding 03-3104. This Court believes that Judge Shapero conclusively resolved these claims in his decisions of August 16 and October 21, 2005, and they were not subject to further litigation. The parties therefore had ten days to appeal Judge Shapero's final orders. Thus the Court concludes that it now lacks jurisdiction to review the untimely

10

appeal of *those* orders, only.

IV. **Appellants' Motion for Peremptory Reversal or, in the Alternative, to Stay Pending Appeal**

Appellants challenge Judge Opperman's conclusion in his orders of January 10 and February 27, 2007, that post-bankruptcy rental income from the land contract belonged to Casa Colonial and therefore was property of the estate pursuant to 11 U.S.C. § 544. Appellants argue that Casa Colonial effectively assigned the land contract to Visuron and, under state law, even though the assignment was not recorded, a subsequent bona fide purchaser could not obtain any rights in the contract. Appellants therefore argue that the land contract was not the property of Casa Colonial's estate under Section 544.

Section 544(a)(3) permits a trustee to avoid any transfer of property of the debtor that would be voidable by a bona fide purchaser:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, and that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3). Under Michigan law, where an individual fails to record a lien or interest in real property, that interest is void as against any subsequent interest holder who

purchased the interest in good faith for valuable consideration– i.e. a bona fide purchaser. MICH. COMP. LAWS ANN. § 565.29; *see also In re Brown*, 287 B.R. 676, 683 (E.D. Mich. 2001). The Michigan Court of Appeals and the Sixth Circuit Court of Appeals have concluded that "[t]his priority applies to conveyances involving land contracts." *In re Warren Estates Mobile Home Park, Inc.*, No. 86-1526, 1986 WL 16142, at *2 (6th Cir. Dec. 29, 1986) (unpublished opinion); *Bryce v. Jones*, 54 Mich. App. 709, 221 N.W.2d 433 (Mich. Ct. App. 1974), *rev'd on other grounds*, 394 Mich. 425, 230 N.W.2d 272 (1975).

Appellants do not challenge Judge Opperman's finding that Casa Colonial's assignment to Visuron was not recorded. This Court further finds that the land contract vendors were not provided notice of the assignment. Notably, throughout the state forfeiture proceedings, the defendants in those proceedings (i.e. Miprocom, Casa Miproeast, and Casa Colonial) never asserted that the land contract had been assigned to Visuron. This Court therefore concludes that Judge Opperman did not err in concluding that the trustee obtained Casa Colonial's interest in the land contract under Section 544(a)(3).

Even if executory contracts[4] for the sale or purchase of land are not conveyances

---

[4] As the Sixth Circuit has held, a land contract is an executory contract within the meaning of the bankruptcy code. *Matter of Delex Mgmt.*, 155 B.R. 161, 164 (Bankr. E.D. Mich. 1993) (citing *Terrell v. Albaugh*, 892 F.2d 469 (6th Cir. 1989). The bankruptcy court in *Delex Management* further noted that, "[u]nder Michigan law, a land contract is 'an executory contract for the purchase of the premises.'" *Id*. at 164 n. 4 (quoting MICH. COMP. LAWS ANN. § 600.5726).

that must be recorded under Michigan's recording statute, as Appellants' argue, the Court still concludes that Judge Opperman's decision was correct. Casa Colonial could assign to Visuron only the interest in the Shopping Center that Casa Colonial possessed as of the date of the assignment. For the reasons discussed below, on March 13, 2001, the only right Casa Colonial possessed was the right of redemption.[5] As of that date, the land contract entitling Casa Colonial to purchase the Shopping Center had been forfeited.

State law determines the parties' rights and remedies under a land contract unless a federal interest requires a different result. *Delex Mgmt.*, 155 B.R. 161, 164 (Bankr. W.D. Mich. 1993) (citing *Butner v. United States*, 440 U.S. 48, 54-55, 99 S. Ct. 914, 918 (1979)). Under Michigan law, a land contract vendor may institute proceedings to recover possession of the land contract premises when the vendee has materially breached the contract. MICH. COMP. LAWS ANN. §§ 600.5726 *et seq.* First, the vendor must serve a forfeiture notice on the vendee. MICH. COMP. LAWS ANN. § 600.5728.

The vendee has 15 days from the date of service of the Forfeiture Notice (or longer if agreed to in writing) to cure the material breaches of the contract. *Delex Mgmt.*, 155 B.R. at 164 (citing MICH. COMP. LAWS ANN. § 600.5728). If the past-due payments and/or other material breaches of the land contract are not timely cured, the contract is

---

[5]As discussed *infra* at footnote 5, Casa Colonial could not be evicted from the premises until a writ of restitution issued; however the right to possession once the land contract was forfeited belonged to the land contract vendors.

forfeited.[6] *Id*. at 164-65. The land contract vendor may then institute summary proceedings to recover possession of the land contract premises. *Id*. (citing MICH. COMP. LAWS ANN. §§ 600.5726, 600.5735).

In the summary proceedings, if the trier of fact finds after trial that the vendor is entitled to possession, a "Judgment of Possession" is entered. *Id*. (citing MICH. COMP. LAWS ANN. § 600.5741). Based upon the trier of fact's findings, the Judgment of Possession indicates the specific amount owed under the land contract, that the vendee has a period specified by statute (i.e. the redemption period) in which to cure the breach, and that a writ of eviction may be issued if the vendee fails to cure the breach by the date stated. *Id*.; *see also* MICH. COMP. LAWS ANN. § 600.5744.

In *Delex Management*, as in the present matter (Corcoran's Resp., Ex. B), the redemption period set forth in the state's statute was 90 days from the date of the Judgment of Possession. *Id*. at 165 (citing MICH. COMP. LAWS ANN. § 600.5744(3)). If the vendee cures the breach prior to the expiration of the redemption period, the writ of eviction will not issue and the contract is reinstated to its pre-default status. *Id*. at 166

---

[6]On the 16th day after the Forfeiture Notice is served, if the vendee has failed to cure the breach, "the land contract ceases to exist and the seller is therefore entitled to possession . . . However, the remedy of eviction cannot be exercised until the writ of restitution issues, . . ." *In re Carr*, 52 B.R. 250, 253 (Bankr. E.D. Mich. 1985) (citing *Durda v. Chembar Dev. Corp.*, 95 Mich. App. 706, 710-712, 291 N.W.2d 179 (1980)). If the vendee remains on the property after the contract is forfeited and fails to cure the breach prior to the expiration of the redemption period, the vendor may recover damages for the vendee's continued occupancy between notice of forfeiture and issuance of the writ of restitution. *Durda*, 95 Mich. App. at 712-713, 291 N.W.2d at 182-83.

(citing MICH. COMP. LAWS ANN. § 600.5744(6)). To the contrary, if the vendee does not cure the breach within the applicable redemption period, a writ of restitution shall issue and "any equitable right of redemption that the purchaser has or could claim in the premises" is foreclosed. MICH. COMP. LAWS ANN. § 600.5744(7).

With respect to the land contract vendors' forfeiture action relevant to the present matter, the Forfeiture Notice was served on January 24, 2001. (Corcoran's Mot., Ex. A.) Pursuant to state law, as set forth in the Forfeiture Notice, the vendee or an assignee (Casa Colonial) had 15 days from the date of service to cure its material breaches of the contract (i.e. non-payment of money due to the land contract vendors and payment of taxes). Neither the vendee nor an assignee cured the breach by February 8, 2001; therefore, as of that date, the land contract was forfeited. Once a land contract is forfeited, the only property right left to the vendee or its assignee (Casa Colonial) is the statutory right of redemption awarded by virtue of Michigan law. *In re Owens*, 27 B.R. 946, 948 (E.D. Mich. Bankr. 1983); *see also In re Horton*, 302 B.R. 201 (Bankr. E.D. Mich. 2003). As a result, unless and until Casa Colonial paid the amount owing under the Judgment of Possession, Casa Colonial did not possess a right to purchase the property that it could assign to Visuron.

Based on the above, the Court concludes that the unrecorded assignment from Casa Colonial to Visuron was void as to a bona fide purchaser. MICH. COMP. LAWS ANN. § 565.29. Because the trustee possesses the rights of a bona fide purchaser pursuant to 11 U.S.C. § 544(a)(3), the trustee could avoid the transfer. The Court therefore holds

15

that, until the redemption period expired, the rent collected from the Shopping Center's tenants constituted property of the bankruptcy estate.[7]  Accordingly, the Bankruptcy Court did not err in entering summary judgment against Appellants and in favor of Corcoran in the adversary proceeding.

## V. Conclusion

For the reasons set forth above, the Court holds that it lacks jurisdiction to consider any appeal of Judge Shapero's orders.  Thus the Court **GRANTS** Corcoran's and Shook's motions to dismiss.  The Court further holds that the Judge Opperman did not err in concluding that the rental proceeds from the Shopping Center remained property of Casa Colonial's estate.  Thus the Court **DENIES** Appellants' motion for peremptory reversal.  Because these decisions resolve the appeal, the Court also **DENIES** Appellants' alternative motion to stay.

**SO ORDERED.**

                                   s/PATRICK J. DUGGAN
                                   UNITED STATES DISTRICT JUDGE

Copies to:
Michelle T. Aiello. Esq.

---

[7]The redemption period was not tolled by Casa Colonial's bankruptcy filings. *Delex Mgmt.*, 155 B.R. at 166 (citations omitted); *In re Glenn*, 760 F.2d 1428, 1440 (6th Cir. 1985).  The period was tolled, however, pending a the final disposition of Casa Colonial's state appeal.  MICH. COMP. LAWS ANN. § 600.5744(5).  There does not appear to be any dispute that, by the time Casa Colonial filed for bankruptcy, the redemption period had not expired.  Had the redemption period expired, Casa Colonial would not have possessed any rights in the premises that would constitute property of the estate.  *See In re Horton*, 302 B.R. 198 (Bankr. E.D. Mich. 2003).

Thomas J. Budzynski, Esq.
Keith J. Mitan, Esq.
David R. Shook, Esq.
Edward R. Stein, Esq.